UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ADRIAN MILES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CV-232 |
| ) | (VARLAN/SHIRLEY) |
| ALPHONSO JACKSON, in his official ) | |
| capacity as Secretary of the United States ) | |
| Department of Housing and Urban ) | |
| Development; SOUTHLAND REALTORS, ) | |
| INC., d/b/a Southland GMAC Real Estate; ) | |
| CHRISTOPHER CALDWELL; and ) | |
| JOHN CHIP MCCLOUD d/b/a C & S ) | |
| PROPERTY SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This civil action is before the Court on the Motion to Dismiss [Doc. 23] filed by defendant Alphonso Jackson, Secretary of the United States Department of Housing and Urban Development ("HUD"). HUD argues that the claims against it must be dismissed because, pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over the claims against HUD and therefore this Court lacks subject matter jurisdiction. Plaintiff argues that his claims against HUD do not fall within the parameters of the Tucker Act and therefore this Court properly has subject matter jurisdiction. Plaintiff alternatively suggests that if jurisdiction is lacking the case be remanded to the Knox County Circuit Court.

The Court has carefully reviewed the pending motion and related pleadings [Docs. 24, 25, 26, 27] and the motion is ripe for determination. For the reasons set forth herein, the defendant's motion to dismiss will be granted and the claims against HUD will be dismissed with prejudice.

Further, the Court will decline to exercise supplemental jurisdiction over the remaining claims and will therefore remand this case to the Knox County Circuit Court for further proceedings.

**I.      Summary of Facts**

Plaintiff Adrian Miles Smith entered into an agreement with HUD to purchase real property known as 4120 Oakland Drive, Knoxville, Tennessee. Plaintiff asserts that due to a mutual mistake of fact, he believed that he was purchasing real property located at 4124 Oakland Drive and further that HUD intended to sell him the 4124 Oakland Drive property. Plaintiff has asserted that the mistaken identity of the real property was the result of negligence by one or more of the defendants. As set forth in the Second Amended Complaint, plaintiff is seeking rescission of the contract with HUD and compensatory damages.

**II.     Analysis**

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move for dismissal of a claim for lack of subject matter jurisdiction. HUD argues that, pursuant to the Tucker Act, 28 U.S.C. §§ 1346, 1491, the United States Court of Federal Claims has exclusive jurisdiction over contract claims against the United States. Specifically, section 1491(a)(1) provides in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).[1]  As explained by the Sixth Circuit, "[t]he Tucker Act vests exclusive jurisdiction over money claims against the United States greater than $10,000 in the United States Claims Court.  It is only under the terms of the Tucker Act that the United States waives its sovereign immunity to such claims, and this consent to suit is a jurisdictional prerequisite."  *Matthews v. United States*, 810 F.2d 109, 111 (6th Cir. 1987) (internal citations omitted); *see A.E. Finley & Assoc., Inc. v. United States*, 898 F.2d 1165, 1167 (6th Cir. 1990) ("this leaves the Claims Court with exclusive jurisdiction over all Tucker Act claims for more than $10,000 ... and over Tucker Act claims founded upon a contract with the United States, regardless of the amount of the claim").  The Sixth Circuit has further advised that it "is not the nature of the cause of action which determines whether jurisdiction is vested in the district court or the Claims Court but rather the nature of the relief requested."  *Matthews*, 810 F.2d at 111.

Plaintiff argues that he is not seeking money damages from HUD, rather the only relief he seeks from HUD is rescission of the contract.  Rescission, however, necessarily means that the purchase money will be returned to the plaintiff.  Although plaintiff contends that he is only seeking damages from the other defendants, the complaint plainly seeks "compensatory damages ... in the amount of the purchase price in return for a deed to the 4120 Oakland Property."  [Doc. 19 at p. 7, ¶ B.]  Because the contract of sale was between HUD and plaintiff, only HUD can return the purchase price to plaintiff.  *See Hartle v. United States*, 18 Cl. Ct. 479, 484 (1989) ("Since the court

---

[1]Section 1346 provides that the district courts have jurisdiction concurrent with the United States Court of Federal Claims of contract claims of less than $10,000. 28 U.S.C. § 1346(a)(2). It is undisputed that plaintiff purchased the 4120 Oakland Drive property from HUD for $78,111. [Doc. 19 at ¶ 7.]

3

views plaintiffs' complaint as a claim for a money judgment, rescission would be exercised, if at all, as an incident to the court's general jurisdiction to render money judgments.").

Thus, the plaintiff cannot avoid the Tucker Act's jurisdiction by seeking nonmonetary relief when the effect of such relief would be a judgment for money damages. *Veda, Inc. v. United States Dep't of the Air Force*, 111 F.3d 37, 39 (6th Cir. 1997); *Matthews*, 810 F.2d at 113. As the Court of Claims explained in an analogous case, "[t]his court ... can exercise equitable power, *e.g.*, rescission and reformation of a contract, when the exercise of that power is incidental to the court's general jurisdictional authority to render money judgments." *Hartle*, 18 Cl. Ct. at 484 (Claims Court had jurisdiction to hear claim of misrepresentation by HUD in sale of real property); *see Pauley Petroleum Inc. v. United States*, 591 F.2d 1308, 1315 (Cl. Ct. 1979) ("Equitable doctrines can be employed incidentally to this court's general monetary jurisdiction either as equitable procedures to arrive at a money judgment ... or as substantive principles on which to base the award of a money judgment.") (internal citations omitted). Accordingly, it appears that, pursuant to the Tucker Act, the Court of Federal Claims has exclusive jurisdiction over plaintiff's claims against HUD. While the Court regrets that this result will cause plaintiff further expense and delay, the Court is bound to construe its jurisdiction strictly. The defendant's motion to dismiss will be granted and plaintiff's claims against HUD will be dismissed without prejudice.

In light of the Court's ruling on HUD's motion to dismiss, the only remaining claims are plaintiff's negligence claims against defendants Southland Realtors, Inc., Christopher Caldwell, and John Chip McCloud. The Court will decline to continue to exercise supplemental jurisdiction over the plaintiff's state law causes of action and those claims will be remanded to the Knox County Circuit Court for further proceedings. 28 U.S.C. § 1367(c).

4

**III.	Conclusion**

For the reasons set forth above, defendant Jackson's Motion to Dismiss [Doc. 23] will be **GRANTED** and plaintiff's claims against him will be **DISMISSED without prejudice**. The Court further declines to exercise supplemental jurisdiction over plaintiff's remaining claims and those claims will be remanded to the Knox County Circuit Court for further proceedings.

Order accordingly.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE